-1-

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 9:21-CR-778-RMG |
| v. | **PLEA AGREEMENT** |
| **SANDY JVON CLARK**<br>    **a/k/a "Candyman"**<br>    **a/k/a "Sandyman"** | |

### General Provisions

This PLEA AGREEMENT is made this 18 day of May, 2022, between the United States of America, as represented by United States Attorney COREY F. ELLIS, Assistant United States Attorney Whit Sowards; the Defendant, **SANDY JVON CLARK, a/k/a "Candyman", a/k/a "Sandyman"**, and Defendant's attorney, Mark R. Calhoun.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.  The Defendant agrees to plead guilty to Count 1, 3, and 4 of the Indictment now pending, which charges "Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine and 40 Grams or More of N-phenyl-N-[1-(2-phenylethyl)-4-piperydinyl] propanimide (commonly known as "fentanyl")," both Schedule II controlled substances, a violation of Title 21, U.S.C., §§ 841(a)(1), 841(b)(1)(B), 846 (Count 1);

-2-

"Possession with Intent to Distribute 500 Grams or More of Cocaine," a violation of Title 21, U.S.C., §§ 841(a)(1), 841(b)(1)(B) (Count 3); and "Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine and 40 Grams or More of Fentanyl," a violation of Title 21, U.S.C., §§ 841(a)(1), (b)(1)(B) (Count 4).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

A.  The conspiracy described in the Indictment was willfully formed and was existing on or about the alleged time;

B.  The Defendant willfully became a member of the conspiracy; and

C.  The Defendant distributed or agreed to assist in the distribution of the quantity of the controlled substance stated in the Indictment (500 grams or more of cocaine and 40 grams or more of fentanyl), or the distribution of this quantity was reasonably foreseeable to the Defendant and was within the scope of the Defendant's agreement and understanding in the conspiracy.

The penalty for this offense is:

    Imprisonment for at least 5 years, and up to 40 years
    Maximum fine of $5,000,000
    Supervised release for at least 4 years
    Special Assessment of $100

-3-

## Count 3

A.   That the defendant knowingly and intentionally
     possessed with intent to distribute the controlled
     substances listed in the indictment, that is 500 grams
     or more of cocaine, a Schedule II controlled
     substance; and

B.   At the time of such possession, the defendant knew
     that the substance was controlled substances

C.   The defendant did so knowingly and intentionally.


The penalty for this offense is:

     Imprisonment for at least 5 years, and up to 40 years
     Maximum fine of $5,000,000
     Supervised release for at least 4 years
     Special Assessment of $100

## Count 4

A.   That the defendant knowingly and intentionally
     possessed with intent to distribute the controlled
     substances listed in the indictment, that is 500 grams
     or more of cocaine and 40 grams or more of fentanyl,
     both Schedule II controlled substances; and

B.   At the time of such possession, the defendant knew
     that the substance was controlled substances

C.   The defendant did so knowingly and intentionally.


The penalty for this offense is:

     Imprisonment for at least 5 years, and up to 40 years
     Maximum fine of $5,000,000
     Supervised release for at least 4 years
     Special Assessment of $100

-4-

2.   The Defendant understands and agrees that monetary penalties
     [i.e., special assessments, restitution, fines and other
     payments required under the sentence] imposed by the Court
     are due and payable immediately and subject to enforcement by
     the United States as civil judgments, pursuant to 18 U.S.C.
     § 3613. In the event the Court imposes a schedule for payment
     of restitution, the Defendant also understands that payments
     made in accordance with installment schedules set by the Court
     are minimum payments only and do not preclude the Government
     from seeking to enforce the judgment against other assets of
     the Defendant at any time, as provided in 18 U.S.C. §§ 3612,
     3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of
Prisons Inmate Financial Repayment Program if sentenced to a
term of incarceration with an unsatisfied monetary penalty.
The Defendant further understands that any monetary penalty
imposed is not dischargeable in bankruptcy.

     A.   Special Assessment: Pursuant to 18 U.S.C. § 3013,
          the Defendant must pay a special assessment of
          $100.00 for each felony count for which he is
          convicted.  This special assessment must be paid at
          or before the time of the guilty plea hearing, or
          during participation in the Bureau of Prisons

-5-

Inmate Financial Repayment Program if this plea results in incarceration.

B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon

-6-

as possible any financial obligation imposed by the Court.

C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

D.    Special Assessment for Trafficking Victims' Fund: The Defendant also understands that unless the Sentencing Court finds the Defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed, pursuant to 18 U.S.C. §§ 3013 and 3014. This assessment is due after all other fines, orders of restitution, and any other victim-compensation obligation arising out of the criminal conviction have been paid.

3.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not

-7-

have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

4. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

-8-

    A.    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    B.    all additional charges known to the Government may be filed in the appropriate district;

    C.    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    D.    the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

5.    The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

6.    The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in

-9-

determining the Defendant's applicable guideline range for sentencing pursuant to the United States Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

A.    known to the Government prior to the date of this Agreement;

B.    concerning the existence of prior convictions and sentences;

C.    in a prosecution for perjury or giving a false statement; or

D.    in the event the Defendant breaches any of the terms of the Plea Agreement; or

E.    used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

7.    Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing

-10-

Commission Guidelines §5K1.1,    18, U.S.C., § 3553(e) or
Federal Rule of Criminal Procedure 35(b). Any such motion by
the Government is not binding upon the Court, and should the
Court deny the motion, the Defendant will have no right to
withdraw his plea.

8.    The Defendant agrees to voluntarily surrender to, and not to
contest the forfeiture by, the United States of America of
any and all assets and property, or portions thereof, owned
or purchased by the Defendant which are subject to forfeiture
pursuant to any provision of law and which are in the
possession or control of the Defendant or Defendant's
nominees. The assets to be forfeited specifically include,
but are not limited to, a money judgment in an amount to be
determined by the Court, representing the amount of gross
proceeds of the offense(s) of conviction.

Following the entry of this Plea Agreement, the Defendant
agrees to the Court's prompt entry of a Preliminary Order of
Forfeiture incorporating a money judgment as mandated by
Federal Rule of Criminal Procedure 32.2, which shall in any
event, be submitted for entry before sentencing. The
Defendant acknowledges that he understands that the entry of
a forfeiture money judgment is part of the sentence that will

-11-

be imposed in this case, and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence. The Defendant understands that he is jointly and severally liable for payment of the money judgment, along with any co-defendants against whom a money judgment is imposed.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the Government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about

-12-

substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

## Merger and Other Provisions

9. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury

-13-

or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

10. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

11. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom

-14-

of Information Act, 5 U.S.C. § 552, or the Privacy Act of
1974, 5 U.S.C. § 552a.

12.  The parties hereby agree that this Plea Agreement contains
the entire agreement of the parties; that this Agreement
supersedes all prior promises, representations and statements
of the parties; that this Agreement shall not be binding on
any party until the Defendant tenders a plea of guilty to the
court having jurisdiction over this matter; that this
Agreement may be modified only in writing signed by all
parties; and that any and all other promises, representations
and statements, whether made prior to, contemporaneous with
or after this Agreement, are null and void.


5-18-22
Date

SANDY JVON CLARK, DEFENDANT


5-18-22
DATE

MARK R. CALHOUN
ATTORNEY FOR THE DEFENDANT


COREY F. ELLIS
UNITED STATES ATTORNEY


5/26/2022
Date

WHIT SOWARDS (#11844)
ASSISTANT UNITED STATES ATTORNEY